UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 17-3394-mJ-White

UNITED STATES OF AMERICA

vs.

ALFREDO MARQUEZ PEREZ and
GABRIEL LAZARO VALDES,

    Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes  __x__ No

Respectfully submitted,

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

BY: _____
TRINITY JORDAN
ASSISTANT UNITED STATES ATTORNEY
Court ID No. A5502340
99 N. E. 4th Street
Miami, Florida 33132-2111
TEL (305) 961-9202
FAX (305) 530-7976

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>ALFREDO LUIS MARQUEZ PEREZ and<br>GABRIEL LAZARO VALDES,<br><br>_Defendant(s)_ | )<br>)<br>) Case No.  17-3394-mJ-White<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 12, 2017__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| _Code Section_ | _Offense Description_ |
|---|---|
| Title 21, United States Code<br>Section 846. | Conspiracy to knowingly and intentionally posses with intent to distribute a controlled substance, that is, 50 grams or more of methamphetamine. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_Complainant's signature_

TOWANDA COLLINS, SPECIAL AGENT DEA
_Printed name and title_

Sworn to before me and signed in my presence.

Date: __10/13/2017__

_Judge's signature_

City and state: __Miami, Florida__    PATRICK A. WHITE, U.S. MAGISTRATE JUDGE
_Printed name and title_

## AFFIDAVIT

I, Towanda Collins, being duly sworn, state as follows:

1. I am a Special Agent with the Drug Enforcement Administration ("DEA") and have been so employed since July 2012. I am currently assigned to the Miami Field Division.

2. I am a law-enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code; that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18 and 21 of the United States Code. I have received extensive training in conducting narcotics investigations and identifying the means and methods used by narcotics traffickers. During my law-enforcement career, I have also participated in the execution of several arrests and search warrants in narcotics cases. Much of this training and experience has been directed at the detection, investigation, seizure, and prosecution of individuals involved in the manufacture, possession, and distribution of controlled substances, including crystal methamphetamine, a schedule I controlled substance.

3. The information contained in this Affidavit is based on my personal knowledge and observations, as well as facts provided to me by other law enforcement officers. The information in this Affidavit is submitted for the sole purpose of establishing probable cause that, on or about October 12, 2017, Gabriel Lazaro VALDES and Alfredo Luis MARQUEZ Perez did conspire and possess a controlled substance that is, 50 grams or more of methamphetamine with the intent to distribute, in violation of Title 21, United States Code, Section 846. Because I am submitting this Affidavit for the limited purpose of establishing probable cause, the facts set forth herein do no constitute all the facts known to law enforcement about this investigation.

## Background

4. In March 2017, law enforcement received information that VALDES was distributing large amounts of crystal methamphetamine in the Hialeah, Florida area.

5. On April 18, 2017, law enforcement officers conducted a purchase of crystal methamphetamine from VALDES. An undercover officer ("UC") purchased approximately 28 grams (1 ounce) of crystal methamphetamine for $1,000 from VALDES and two unidentified Hispanic males at a McDonald's located at 7155 West 4th Avenue, Hialeah, FL.

6. On October 12, 2017, the same UC officer texted VALDES to arrange a purchase of three (3) ounces of methamphetamine for $2,400.

7. Later that day, VALDES informed the UC officer via text message that he was only in possession of one (1) ounce of methamphetamine, and he would need to contact his source of supply to obtain the rest of the three (3) ounces previously arranged. The UC officer replied that he would meet VALDES at the "same spot," indicating the McDonald's of the previous purchase located at 7155 West 4th Avenue, Hialeah, FL.

8. VALDES arrived at the McDonald's in a gray 2017 Ford rental vehicle with a female co-passenger and parked the vehicle beside the UC officer's vehicle. VALDES texted the UC officer that he was still waiting on his source for the remainder of the methamphetamine.

9. Shortly thereafter, a white Porsche SUV arrived at the McDonald's and parked on the other side of VALDES' vehicle, which was in the same row as the UC officer's vehicle. VALDES exited his vehicle and approached the driver side door of the white Porsche. VALDES and the unidentified Hispanic male driver, later identified as MARQUEZ, made a hand-to-hand exchange. MARQUEZ's girlfriend was in the Porsche with him at this time.

10. Subsequently, VALDES walked directly over to the UC officer's vehicle and entered the passenger side. VALDES handed the UC officer three (3) clear plastic baggies containing a total of approximately three (3) ounces of a glass like substance, which later field tested positive as methamphetamine. The UC officer stated aloud "It looks good." The UC officer then provided VALDES cash for the methamphetamine. This exchange was captured on audio and video recording.

11. At this time, law enforcement identified themselves and detained both VALDEZ and the driver of the white Porsche, identified as MARQUEZ.

12. Law enforcement searched the vehicles on scene incident to arrest. Inside of the center cup-holder of VALDES' vehicle was a paper-cup with approximately one (1) ounce of a glass-like substance, which later field-tested positive as crystal methamphetamine.

13. Law enforcement advised VALDES and MARQUEZ of their *Miranda* rights. Both VALDES and MARQUEZ verbally waived their *Miranda* rights and agreed to speak with law enforcement. They later provided written *Miranda* waivers to law enforcement.

14. VALDES told law enforcement that he was at the McDonald's to sell one (1) ounce of "meth" to "Carlos," (the UC officer), for $800. He said that he received the methamphetamine from "FIFO," (MARQUEZ), the driver of the Porsche. He told officers that MARQUEZ is his supplier of narcotics. VALDES also provided a signed written statement to this effect.

15. MARQUEZ told law enforcement that he regularly purchases methamphetamine, usually buying two-to-three ounces per week. He said that he had purchased two (2) ounces that day for $400 each and that he sold those two ounces to "Gaby," (VALDES) for $500 each.

16. The events described above took place in part in Hialeah, Florida, which is within

3

the Southern District of Florida.

17.     Based on the above information, I respectfully submit that probable cause exists to believe, that on October 12, 2017, VALDES and MARQUEZ conspired to knowingly and intentionally possess with intent to distribute a controlled substance, that is, 50 grams or more of methamphetamine, in violation of Title 21, United States Code, Section 846.

FURTHER YOUR AFFIANT SAYETH NOT.

_____
TOWANDA COLLINS, SPECIAL AGENT,
DRUG ENFORCEMENT ADMINISTRATION

Sworn to and subscribed
before me this 13th day of October, 2017.

_____
HON. PATRICK A. WHITE
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

4